[Cite as *State v. Finch*, 2014-Ohio-1680.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0046** |
| GABRIEL H. FINCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0689.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Terry G.P. Kane*, Kane & Kane, 111 East Main Street, Suite B, P.O. Box 167, Ravenna, OH 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Portage County Court of Common Pleas. Appellant Gabriel H. Finch pled guilty to photographing a nude minor in violation of R.C. 2907.323(A)(1) and (B), a second degree felony. The trial court sentenced Finch to six years in prison. Finch timely appeals. He asserts that the trial court abused its discretion in sentencing him to six years, because the trial court did not consider the

effects of Finch's alleged mental illness on his conduct in sentencing him, and that the record could not support his sentence. For the following reasons, we affirm.

{¶2} On October 11, 2012, Finch placed a cell phone in a bathroom within his home to record his stepdaughter taking a shower. His wife discovered the phone while it was recording a video of his stepdaughter showering, which subsequently led to this criminal action. Finch was charged with one count of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and (B), and one count of voyeurism in violation of R.C. 2907.08(C) and (E)(5).

{¶3} At the request of defense counsel, a competency and sanity evaluation were ordered. According to Finch, he had started to hear voices urging him to use his cell phone to record his stepdaughter showering about six month preceding the event in question. On October 11, 2012, Finch alleges that he succumbed to the influence of the voices to put the cell phone to record his stepdaughter showering. The psychologist at Summit County Psycho-Diagnostic Clinic concluded that Finch was competent to stand trial and was sane at the time of the offense. According to that report, Finch was not suffering from an auditory hallucination, but rather, was wrestling with his conscience in controlling his behavior. The psychologist at the Portage Psychology Consulting also found that Finch was competent to stand trial and sane at the time of the offense. However, this psychologist found that Finch was suffering from auditory hallucinations at the time of the offense and diagnosed him with schizophreniform disorder with good prognostic features.

{¶4} In lieu of trial, Finch pled guilty to the illegal use of a minor in nudity oriented material or performance offense in exchange for the state not pursuing the

voyeurism charge. At sentencing, the trial court imposed a definite term of six years of jail.

{¶5} Because all three of Finch's assignments of error surround the propriety of his sentence, we consolidate them in our review. Finch's assignments of error are as follows:

{¶6} "[1.] The trial court erred to the prejudice of defendant-appellant in imposing a prison sentence of six years for a conviction of R.C. 2907.323(A)(1) for a first time offender.

{¶7} "[2.] The trial court committed an abuse of discretion and erred to the prejudice of defendant-appellant in imposing a prison sentence of six years for a conviction of R.C. 2907.323(A)(1) for a first time offender.

{¶8} "[3.] The trial court's sentence of six years in prison for a conviction of R.C. 2907.323(A)(1) for a first time offender is contrary to law and constituted an error to the prejudice of defendant-appellant."

{¶9} "In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court established a two-step analysis for an appellate court reviewing a felony sentence. In the first step, we consider whether the trial court 'adhered to all applicable rules and statutes in imposing the sentence.' *Id.* at ¶ 25. 'As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).' *Id.*

{¶10} "As the Ninth Appellate District observed:

{¶11} "'*Kalish* did not specifically provide guidance as to the 'laws and rules' an appellate court must consider to ensure the sentence clearly and convincingly

conforms with Ohio law. The specific mandate of *Kalish* is that the sentence fall within the statutory range for the felony of which a defendant is convicted.'" *State v. Gooden*, 9th Dist. No. 24896, 2010-Ohio-1961, ¶ 48, citing *Kalish*, at ¶ 15.

{¶12} "Next, if the first step is satisfied, we consider whether, in selecting the actual term of imprisonment within the permissible statutory range, the trial court abused its discretion. *Kalish*, *supra*, ¶ 26. An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed. 2004)." *State v. Tyler*, 11th Dist. Portage No. 2012-P-0041, 2013-Ohio-3393, ¶ 11-14. "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶13} We turn to the first prong of *Kalish*. Appellant pled guilty to and was sentenced for a violation of R.C. 2907.323(A)(1). According to R.C. 2907.323(B) "Whoever violates this section is guilty of illegal use of a minor in a nudity-oriented material or performance. Whoever violates division (A)(1) or (2) of this section is guilty of a felony of the second degree." Per R.C. 2929.14, a second degree felony can result in a prison term of two, three, four, five, six, seven, or eight years. In the present matter, Finch was sentenced to a six-year prison term. Therefore his sentence was not contrary to law.

4

**{¶14}** Turning to the second prong of *Kalish*, we note that the trial court is required to *consider* the R.C. 2929.12 factors. Such a consideration does not require the trial court to "'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302. In *State v. Greitzer*, 11th Dist. Portage No. 2006-P-0090, 2007-Ohio-6721, ¶28, this court acknowledged its adoption of the pronouncement of the Ohio Supreme Court in *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988). The Ohio Supreme Court in Adams held: "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *Adams*, *supra*, paragraph three of the syllabus. Moreover, in *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992), the Ohio Supreme Court held that the burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing criteria. *Id.* at 166. Other courts of appeals have found that in order to rebut this presumption, "'a defendant must either affirmatively show that the court failed to [consider the statutory factors], or that the sentence the court imposed is 'strikingly inconsistent' with the statutory factors as they apply to his case.'" *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶14, quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, ¶34.

**{¶15}** Finch first asserts that the trial court did not properly consider his mental illness as a mitigating factor in sentencing. Under R.C. 2929.12(C)(4), the trial court must consider as a mitigating circumstance whether "[t]here are substantial grounds to

5

mitigate the offender's conduct, although the grounds are not enough to constitute a defense." Though this factor is broad and opaque, it requires the trial court to consider the role that the effects of mental illness played in the commission of a crime as a mitigating factor in sentencing.

{¶16} In the sentencing order, the trial court stated that it "considered the purpose of felony sentencing which is to protect the public from future crimes by the Defendant and to punish the defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources." The trial court stated that it "also considered the need for incapacitating the defendant, deterring the defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both." The trial court does not specifically address the mental illness issue in its judgment entry; however, we presume that it was considered.

{¶17} In pronouncing the sentence, the trial court stated in pertinent part:

{¶18} "Sir, what you did was disgusting. And as [the prosecutor] indicated, *mental illness or not*, I am sure that it was going to go further than just taking pictures." (Emphasis added.)

{¶19} The above does not rebut the presumption that the trial court failed to consider mental illness as a mitigating factor in sentencing. Regardless of how "mental illness or not" is interpreted in the context of the statement, the trial court only connected that phrase to its belief that Finch was "going to go further than just taking pictures." There is no connection between the phrase "mental illness or not" and the

6

trial court's ultimate disposition of the sentence. Accordingly, the presumption that mental illness was considered is not rebutted.

{¶20} Finch further argues that the record does not support imposing more than the minimum sentence for the following reasons: (1) there was no indication that his conduct was more serious than the regular conduct constituting the offense, (2) the psychologist that the defense requested as a second opinion on sanity believed Finch had a mental illness and that he was a good case for rehabilitation, and (3) Finch's wife, by not reporting some of Finch's "suspicious behavior" and his inquiries into his stepdaughter's showering habits before the commission of the crime, acted as an enabler to Finch's culpable conduct. None of these arguments have merit.

{¶21} The third argument is nothing more than an effort to cast blame on others rather than himself. The first argument ignores aggravating factors such as Finch's relationship with the minor and his ease of access to her. Moreover, the second argument apparently failed to persuade the trial court over countervailing sentencing factors, such as the need to protect the public. Consequently, the trial court did not abuse its discretion in imposing a six year sentence. Accordingly, none of the assignments of error have merit. The judgment of the trial court is affirmed.

TIMOTHY P. CANNON, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.