[Cite as *State v. Frederick*, 2014-Ohio-1960.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-630 |
| v. | : | (C.P.C. No.13CR-01-471) |
| Thomas G. Frederick, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 8, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson,* for appellee.

*Todd W. Barstow,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Thomas G. Frederick ("appellant"), appeals a judgment entered by the Franklin County Court of Common Pleas sentencing him to eight years in prison for aggravated vehicular homicide in violation of R.C. 2903.06, a felony of the second degree, and six months in prison for operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19, a misdemeanor of the first degree, with the sentences to run consecutively. The court also ordered the lifetime suspension of appellant's driver's license, without work-driving privileges, and advised appellant of a three-year mandatory period of post-release control. We affirm his conviction and sentence.

{¶ 2} Appellant pled guilty to the two offenses of which he was convicted. During the plea colloquy, the trial court advised appellant that the maximum possible sentence

for the first of those counts—aggravated vehicular homicide—was eight years.  He advised appellant that the maximum sentence for the second count—OVI—was six months.

{¶ 3}   Following appellant's plea of guilty, the state recited the following facts concerning the charges.

{¶ 4}   During the early morning hours of September 29, 2012, the victim, William Houck, a  60-year-old tow-truck driver, was connecting a broken-down car to the back of his tow truck.  The disabled vehicle was on the right berm of I-71 northbound, north of Cooke Road.

{¶ 5}   Appellant was driving his vehicle north on I-71 when he struck the back of the disabled vehicle.  Houck, who was out of his tow truck at the time, was propelled many feet down the road.  He suffered fatal blunt-force injuries and was pronounced dead at 4:18 a.m.

{¶ 6}   Officers responded to the scene in time to see appellant stopped in the center lane of the highway.  They then observed appellant drive his vehicle at low speed southbound in the left berm of the northbound lanes.  Appellant had previously retrieved his front bumper, which had completely broken off the front of his car, and placed it in his backseat.

{¶ 7}   Appellant stopped his vehicle and put it in park.  Officers approached the vehicle after hearing accelerator or engine-revving sounds. Officers opened the driver's side door and immediately noticed a strong odor of alcohol.  Appellant acknowledged that he had been drinking and that he had too much to drink.  He stated that "this is my fault" and that he was sorry.  (Tr. 8.)  Officers observed that he was unsteady on his feet.  He was taken to the hospital where a blood test revealed an alcohol content of .242, well in excess of the legal limit.

{¶ 8}   Appellant told the patrol officers that he had consumed 12 beers between the hours of 5 p.m. and 2:30 a.m. He also reported that he had been to two bars and a house party and had smoked some marijuana.  He informed police that his doctor had prescribed a blood thinner medication, which interacts unfavorably with alcohol, and that he had been advised to cut back on his drinking.  During his police interview, appellant also stated "I'm dead wrong, I killed someone."   (Tr. 9-10.)

{¶ 9} The court ordered a pre-sentence investigation at the conclusion of the guilty plea hearing. At the June 28, 2013 sentencing hearing, the court heard statements from members of the victim's family and friends and from appellant. The court orally advised appellant of the sentence without additional comment.

{¶ 10} Appellant did not object to the sentence at the sentencing hearing. Later that day, the court filed the judgment entry of conviction and sentencing.

{¶ 11} In its entry, the court sentenced appellant to eight years in prison on Count One, the aggravated vehicular homicide count, and six months on Count Five, the OVI count, to run consecutively. The court stated as follows:

> The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term **is** mandatory on Count One pursuant to R.C. 2929.13(F).
>
> * * *
>
> After imposing sentence, the Court gave its findings and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e).

(Emphasis sic.) June 28, 2013 Entry.

{¶ 12} Appellant has appealed his sentence and asserts the following sole assignment of error:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO THE MAXIMUM PRISON TERM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 13} Appellant contends that the court erred in sentencing him to the maximum prison term. He acknowledges that the court's entry indicates that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, the factors set forth in R.C. 2929.12, and had weighed the factors as required by R.C. 2929.13 and 2929.14. He notes, however, that the trial court did not state a basis for imposing the maximum sentence when orally imposing sentence at the sentencing hearing.

{¶ 14} We have, however, repeatedly concluded that the inclusion of language in a sentencing entry affirmatively stating that the court had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 defeats a claim that the trial court failed to consider those statutory guidelines. *State v. Ibrahim,* 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 20, citing *State v. Peterson,* 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31. Appellant's argument that the court did not comply with the duties imposed by R.C. 2929.11 and 2929.12 therefore fails.

{¶ 15} Appellant further states that the pre-sentence investigation recited numerous mitigating factors under R.C. 2929.12(B) through (F) and argues that the trial court's sentence is contrary to law in that the trial court did not cite factually or legally sufficient reasons for imposing the maximum sentence at the sentencing hearing. He does not, however, cite authority for the proposition that those reasons must be stated on the record. To the contrary, under the current statutory sentencing scheme, " '[a] trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." ' " *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, quoting *State v. Price*, 11th Dist. No. 2007-G-2785, 2008-Ohio-1134, ¶ 33, quoting *State v. Smith*, 11th Dist. No. 98-P-0018 (June 11, 1999). *Accord State v. Jackson,* 8th Dist. No. 99985, 2014-Ohio-706, ¶ 17. "A trial court is no longer required to make any specific findings or delineate reasons in support of the imposition of maximum sentences." *State v. Rose,* 12th Dist. No. CA2011-11-214, 2012-Ohio-5607, ¶ 78 (Under Am.Sub.H.B. No. 86, there is no mandate for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12, and the trial court has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. R.C. 2929.12(A).); *State v. Lister*, 4th Dist. No. 13CA15, 2014-Ohio-1405, ¶ 10 ("maximum sentences do not require specific findings").

{¶ 16} Similarly, this court has recognized in the analogous context of a trial court's imposition of community control sanctions rather than a prison term that, "while R.C. 2929.13(D)(2) requires express findings that include a general declaration that the court has weighed the R.C. 2929.12 factors as directed by R.C. 2929.13(D)(2)(a) and (b), any further explanation by the trial court is optional because it constitutes the expression of

'reasons' that are no longer required by statute." *State v. Milhoan,* 10th Dist. No. 13AP-74, 2014-Ohio-310, ¶ 14.

{¶ 17}   In reviewing a trial court's sentence, we need to determine if the sentence is clearly and convincingly contrary to law. *State v. Green,* 10th Dist. No. 10AP-934, 2011-Ohio-6451, ¶ 7, citing *State v. Burton,* 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19. "In applying this standard, we look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law." *Green* at ¶ 7, citing *State v. Carse,* 10th Dist. No. 09AP-932, 2010-Ohio-4513, ¶ 60.

{¶ 18} While appellant suggests that his sentence to the maximum terms for both of the offenses of which he was convicted was too harsh, he does not contend that the sentences were outside the range of sentences established by statute; that the record fails to support the R.C. 2929.11 and 2929.12 findings the court made as reflected in the judgment entry; or that the sentence is otherwise contrary to law. He does not argue that the trial court erred relative to findings under R.C. 2929.13(B) or (D); R.C. 2929.14(C)(4); or R.C. 2920.20(I). Accordingly, appellant has not clearly and convincingly shown that his sentence was contrary to law.

{¶ 19} Moreover, appellant did not object to the length of his sentence at the sentencing hearing in the trial court, and we may only reverse his sentence if it rises to the level of plain error. *State v. Worth,* 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 84; *Peterson* at ¶ 31. Appellant has failed to demonstrate the existence of plain error.

{¶ 20} For the reasons stated above, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

———————————————