[Cite as *State v. Foti*, 2020-Ohio-439.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-L-059** |
| - vs - | : | **2019-L-060** |
| | | **2019-L-061** |
| JOSEPH M. FOTI, SR., | : | **2019-L-123** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2017 CR 001306, 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522.

Judgment: Reversed, conviction vacated, and remanded in 2017 CR 001306; modified in part, affirmed as modified, in 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Joseph Foti ("Mr. Foti"), appeals the judgments of the Lake County Court of Common Pleas in four cases sentencing him to the following: (1) termination of community control sanctions and prison terms of one year each for having weapons while under disability, aggravated possession of drugs, and possession of cocaine, to be served consecutively (case no. 2017 CR 001306); (2) prison terms of one

year each for attempted having weapons while under disability and aggravated possession of drugs, to be served concurrently (case no. 2019 CR 000388); (3) a prison term of one year for tampering with records (case no. 2019 CR 000431); and (4) a prison term of one year for attempted tampering with evidence (case no. 2019 CR 000522), with the sentences imposed in each case to be served consecutively, for a total prison term of six years.

{¶2} Mr. Foti contends that his sentences are contrary to law. First, he argues the trial court's original sentence of community control sanctions in case no. 2017 CR 001306 violated Ohio's prohibition against "sentence packaging," rendering his sentence for violating community control sanctions in that case void. Appellee, the state of Ohio, concedes this error. Second, he argues the trial court failed to consider the third purpose of felony sentencing under R.C. 2929.11(A) regarding rehabilitation. Finally, he argues the trial court failed to consider applicable mitigation factors under R.C. 2929.12(C)(4).

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} In case no. 2017 CR 001306, the trial court's original sentence of community control sanctions constitutes an impermissible sentencing package, rendering Mr. Foti's sentence for violating community control sanctions void. In case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522, the record demonstrates that the trial court was "guided" by the third purpose of felony sentencing regarding rehabilitation. In addition, the record demonstrates the trial court considered mitigation factors under R.C. 2929.12(C)(4). However, because Mr. Foti's sentence in case no. 2017 CR 001306 is void, his sentences in case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR

2

000522 must be modified since the trial court ordered the prison terms in those cases to be served consecutively to the prison term imposed in case no. 2017 CR 001306.

{¶5} Thus, in case no. 2017 CR 001306, we reverse the trial court's judgment, vacate Mr. Foti's convictions for violating his community control sanctions, and remand for a de novo sentencing hearing for the underlying offenses to which Mr. Foti pleaded guilty, to wit: Count 1 (having weapons while under disability), Count 7 (aggravated possession of drugs), and Count 8 (possession of cocaine), all with forfeiture specifications.

{¶6} In case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522, we modify the trial court's judgments, in part, to eliminate the order that the prison terms imposed in those cases run consecutively to the prison term imposed in case no. 2017 CR 001306 and affirm, as modified.

**Substantive and Procedural History**

{¶7} As indicated, this consolidated appeal involves sentences imposed in four cases.

*Case No. 2017 CR 001306 – Violation of Community Control*

{¶8} In March 2018, the Lake County Grand Jury indicted Mr. Foti on 11 counts in case no. 2017 CR 001306. In June 2018, he entered written and oral pleas of guilty to three counts: (1) Count 1, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2), (2) Count 7, aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A), and (3) Count 8, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A), all with forfeiture

3

specifications. The trial court accepted his guilty pleas and dismissed the remaining counts.

{¶9} On October 4, 2018, the trial court sentenced Mr. Foti to one overarching two-year term of community control. The trial court memorialized the sentence in a judgment entry dated October 17, 2018. Mr. Foti did not file a direct appeal of his sentence.

{¶10} In December 2018, the state filed a motion to terminate Mr. Foti's community control sanctions, the grounds of which related to his alleged offenses in case no. 2019 CR 000388 described below. In May 2019, Mr. Foti entered written and oral pleas of guilty to these violations.

### Case No. 2019 CR 000388 – Attempted Weapons Under Disability & Drugs

{¶11} In November 2018, the Lake County Narcotics Agency stopped Mr. Foti's vehicle as a part of an investigation of several other individuals. Mr. Foti had 0.67 grams of methamphetamine in his possession, and a subsequent search of his residence led to the discovery of a MAG Tactical Systems Model MG-G4 semi-automatic rifle with ammunition and a magazine.

{¶12} In May 2019, Mr. Foti was charged by way of information with two counts in case no. 2019 CR 000388: (1) attempted having weapons while under disability, a felony of the fourth degree, in violation of R.C. 2923.02, and (2) aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11, both with forfeiture specifications. Shortly thereafter, Mr. Foti entered written and oral pleas of guilty to both charges.

### Case No. 2019 CR 000431 - Tampering with Records

4

{¶13} In April 2019, Mr. Foti submitted a letter to the probation department purportedly from Hillcrest Hospital containing a doctor's electronic signature as a medical excuse for not reporting. Subsequent investigation determined that Mr. Foti had falsified the document.

{¶14} In May 2019, the Lake County Grand Jury indicted Mr. Foti on five counts in case no. 2019 CR 000431. Shortly thereafter, Mr. Foti entered a written and oral plea of guilty to Count 4, tampering with records, a felony of the third degree, in violation of R.C. 2913.42(A)(2). The trial court accepted his guilty plea and dismissed the remaining counts.

### Case No. 2019 CR 000522 – Attempted Tampering with Evidence

{¶15} In February 2018, Mr. Foti assisted in having an ATV painted to make it unrecognizable after another individual purchased it from a third party using "movie money." On June 5, 2019, Mr. Foti was charged by way of information in case no. 2019 CR 000522 for attempted tampering with evidence, a felony of the fourth degree, in violation of R.C. 2923.02(A). On the same day, Mr. Foti entered a written and oral plea of guilty to the charge.

### Combined Sentencing Hearing for All Cases

{¶16} On June 5, 2019, the trial court held a combined sentencing hearing relating to all of Mr. Foti's guilty pleas.

{¶17} Mr. Foti's counsel requested sentences of community control sanctions to permit Mr. Foti to obtain treatment, stating that Mr. Foti's offenses were related to his drug use and mental health issues. Alternatively, he requested a prison term that was not significantly more than three years.

5

{¶18} Mr. Foti spoke on his own behalf, admitting that he had a drug problem and indicating he had spoken to an available treatment center.

{¶19} The state requested sentences of a year in prison each in case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522 and the remaining time in case no. 2017 CR 001306, less applicable time served, to run consecutively. The state cited Mr. Foti's lengthy criminal history, the commission of several offenses while on community control or bond, that case no. 2019 CR 000522 involved organized criminal activity, and that multiple offenses were committed as one or more courses of conduct.

{¶20} The trial court stated that it had reviewed the presentence investigation report and the purposes and principles of felony sentencing. It recited two of the purposes set forth in R.C. 2929.11(A), although it did not reference the third purpose, i.e., "the promotion of the effective rehabilitation of the offender," which the General Assembly added to the statute effective October 29, 2018.

{¶21} The trial court also stated that it considered (1) the need for incapacitation, deterrence, and rehabilitation, (2) the fact that "the sentence shall be commensurate with and not demeaning to the seriousness of the offender's conduct, the impact on the victim as well as consistency," and (3) the seriousness and recidivism factors in R.C. 2929.12.

{¶22} With respect to the "more serious" factors, the trial court found that in case no. 2019 CR 000522, Mr. Foti acted as part of an organized criminal activity. The trial court stated it did not find any "less serious" factors.

{¶23} With respect to factors indicating recidivism is more likely, the trial court found Mr. Foti committed some of the offenses while he was on community control in case no. 2017 CR 001306. The trial court also found that Mr. Foti has a history of felony

6

convictions, including (1) trafficking in marijuana, a fourth-degree felony, in 1996 (2) drug possession, a fifth-degree felony, in 2002, which resulted in a prison sentence, (3) drug possession, a fifth-degree felony, in 2006, resulting in another prison sentence, (4) kidnapping, a second-degree felony, in 2006 (5) attempted robbery, a fourth-degree felony, and drug possession, a fifth-degree felony, in 2014, after which he was placed on probation, and (7) the underlying offenses in case no. 2017 CR 001306, as well as a number of misdemeanor convictions. The trial court stated it did not find any factors indicating recidivism is less likely.

{¶24} The trial court further found that Mr. Foti had not previously responded favorably to community control, noting probation violations in 1999, 2002, 2005, 2016, and in case no. 2017 CR 001306. The trial court stated Mr. Foti had not obtained treatment for substance abuse despite many opportunities to do so.

{¶25} With respect to factors for sentencing for fourth- and fifth-degree felonies under R.C. 2929.13, the trial court found two previous prison sentences and Mr. Foti's commission of some of the offenses while on community control.

{¶26} Finally, the trial court found Mr. Foti was not amendable to community control. The trial court stated that Mr. Foti has had plenty of chances, noting that it had put Mr. Foti on probation for a second time in case no. 2017 CR 001306 and that Mr. Foti "didn't do what he had the opportunity to do."

{¶27} The trial court imposed the following sentences: (1) in case no. 2017 CR 001306, termination of community control sanctions and prison terms of one year each on Counts 1, 7, and 8, to be served consecutively, with credit for 74 days; (2) in case no. 2019 CR 000388, prison terms of one year each on Counts 1 and 2, to be served

concurrently, with credit for 20 days; (3) in case no. 2019 CR 000431, a prison term of one year with credit for 27 days; and (4) in case no. 2019 CR 000522, a prison term of one year with credit for one day.

{¶28} The trial court ordered the sentences imposed in each case to be served consecutively, for a total prison term of six years. It found consecutive sentences imposed in case no. 2017 CR 001306 and in the aggregate (1) are necessary to protect the public from future crime by Mr. Foti and to punish him, and (2) are not disproportionate to the serious of Mr. Foti's conduct and the danger he poses to the public. The trial court further found that Mr. Foti's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶29} On June 10, 2019, the trial court issued separate sentencing entries in each case. Mr. Foti filed separate notices of appeal relating to each sentencing entry, which we consolidated.

{¶30} Mr. Foti raises the following sole assignment of error:

{¶31} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences totaling six years, as that sentence is contrary to law."

{¶32} Mr. Foti raises the following issues for review under his sole assignment of error:

{¶33} "[1.] In case no. 2017 CR 001306, the defendant-appellant's underlying, over-arching sentence of a two-year term of community control was in violation of Ohio's prohibition against sentence-packaging, and thus the trial court's subsequent sentence of a three-year prison term for violations of community control is void.

8

{¶34} "[2.] The trial court erred when it imposed a six-year consecutive prison term after it failed to consider all of the enumerated purposes of felony sentencing pursuant to R.C. 2929.11 and thus, the sentence is contrary to law.

{¶35} "[3.] The trial erred when it imposed a six-year prison term where its findings under R.C. 2929.12 were not supported by the record; thus, the sentence was contrary to law."

## Standard of Review

{¶36} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶16. That provision states:

{¶37} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶38} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶39} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶40} "(b) That the sentence is otherwise contrary to law."

{¶41} A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. (Citations omitted.) *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18.

{¶42} Appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶23.

{¶43} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Marcum* at ¶22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶44} We have recognized that the "clear and convincing standard" is "highly "deferential," as it "is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Taeusch*, 11th Dist. Lake No. 2016-L-047, 2017-Ohio-1105, ¶13, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21.

### Sentence Packaging

{¶45} In his first issue for review, Mr. Foti argues his original sentence of two years of community control in case no. 2017 CR 001306 violated Ohio's prohibition against

sentence packaging pursuant to *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245. Thus, he argues his subsequent sentence of three years in prison for violations of his community control is void. The state concedes error and requests a remand for a de novo sentencing hearing.

{¶46} In *Saxon*, the Supreme Court of Ohio held that the Ohio felony sentencing statutes do not allow for "sentencing packages," i.e., the imposition of one overarching sentence for multiple offenses. *Id*. at ¶8. Judges must consider each offense separately and impose a separate sentence for each offense. *Id*. at ¶ 9. "[A] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *Id*. at paragraph one of the syllabus. As community control sanctions are criminal penalties subject to Ohio's felony sentencing statutes, pursuant to R.C. 2929.15, they must also be imposed individually for each offense. *State v. Edwards*, 11th Dist. Geauga No. 2017-G-0122, 2018-Ohio-2462, ¶17, and *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801, ¶ 27, citing *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶21. Therefore, when a trial court imposes community control sanctions on multiple charges in a "sentencing package" rather than individually, the sentence is contrary to law. *State v. Crenshaw*, 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, ¶18.

{¶47} No court has the authority to impose a sentence that is contrary to law. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶22 ("*Williams II*"), quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶23. Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). Void sentences may be

11

reviewed and vacated at any time, either on direct appeal or by collateral attack. *Williams II* at ¶22-23, citing *Fischer* at ¶30.

{¶48} In case no. 2017 CR 001306, the trial court originally imposed one overarching two-year sentence of community control sanctions following Mr. Foti's guilty pleas to Count 1 (having weapons while under disability), Count 7 (aggravated possession of drugs), and Count 8 (possession of cocaine), all with forfeiture specifications. That sentence constitutes an impermissible sentencing package. *See Edwards* at ¶18. Therefore, the October 17, 2018 judgment of sentence is void, and the trial court could not have found Mr. Foti in violation of it. *See Crenshaw* at ¶20. Accordingly, the June 10, 2019 judgment of sentence in case no. 2017 CR 001306 is also void. *See id.*

{¶49} Based on the foregoing, we reverse the trial court's judgment in case no. 2017 CR 001306 and vacate Mr. Foti's conviction for violating his community control sanctions. Case no. 2017 CR 001306 is remanded for a de novo sentencing hearing for the underlying offenses to which Mr. Foti pleaded guilty, to wit: Count 1 (having weapons while under disability), Count 7 (aggravated possession of drugs), and Count 8 (possession of cocaine), all with forfeiture specifications.

**State v. Gwynne**

{¶50} In his second and third issues for review, Mr. Foti sets forth arguments involving R.C. 2929.11 and R.C. 2929.12 to support his assertion that his "six-year consecutive sentence" is "contrary to law."

{¶51} In *State v. Gwynne*, Slip Opinion No. 2019-Ohio-4761, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony

12

sentences under R.C. 2929.11 and R.C. 2929.12, while consecutive sentences are analyzed for compliance with R.C. 2929.14(C)(4). *See id.* at ¶16-18. Thus, we will review Mr. Foti's arguments under R.C. 2929.11 and R.C. 2929.12 in relation to his individual felony sentences.

### R.C. 2929.11(A) - Rehabilitation of the Offender

{¶52} In his second issue for review, Mr. Foti argues that his felony sentences are contrary to law because the trial court failed to consider the third purpose of felony sentencing set forth in R.C. 2929.11(A), which is "to promote the effective rehabilitation of the offender."

{¶53} R.C. 2929.11 applies as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36. R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." As Mr. Foti correctly notes, the General Assembly added the third purpose pursuant to S.B. 66, which became effective on October 29, 2018, prior to Mr. Foti's sentencing hearing held on June 5, 2019.

{¶54} To "achieve those purposes," R.C. 2929.11(A) states that the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶55} At the sentencing hearing, the trial court stated, in relevant part:

{¶56} "I considered 2929.12 [sic][1] which is the purposes and principles of felony sentencing. The overriding purpose being to punish the offender and protect the public from future crime by the offender and others using the minimum sanction that I can determine are necessary to accomplish for its purposes. Considered the need for incapacitation, deterrence and rehabilitation."

{¶57} In its sentencing entries, the trial court stated that it "considered * * * the principles and purposes of sentencing in R.C. 2929.11."

{¶58} Mr. Foti argues that the record demonstrates that the trial court failed to consider the third purpose of sentencing.

{¶59} We recently addressed this argument in *State v. Anthony*, 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, where we noted that R.C. 2929.11(A) requires the trial court to "be guided by" the "purposes" of felony sentencing. *Id.* at ¶77. It does not require the court to "consider" them. *Id.* By contrast, R.C. 2929.11(A) requires the trial court to "consider" the "principles" of felony sentencing to achieve the "purposes." *Id.* The trial court satisfies its obligation to consider the statutory principles by stating it considered them. *Id.*, citing *State v. Dawson*, 11th Dist. Lake No. 2015-L-109, 2016-Ohio-2800, ¶15.

{¶60} As in *Anthony*, since the trial court expressly stated at the sentencing hearing that it considered the principles of sentencing and recited the applicable principles, including rehabilitation, the record does not clearly and convincingly show the trial court was not "guided" by the third purpose of sentencing, which is "to promote the effective rehabilitation of the offender." *See id.* at ¶78; *State v. Banas*, 11th Dist. Lake No. 2019-L-049, 2019-Ohio-5053, ¶14 (defendant did not establish the trial court failed to

---

1. Although the transcript reflects the trial court cited R.C. 2929.12, the context demonstrates the trial court was referencing R.C. 2929.11.

14

consider the purposes of felony sentencing where it stated it considered the need for rehabilitation).

{¶61} In addition, as in *Anthony*, the trial court's sentencing entries expressly state it "considered * * * the purposes and principles of sentencing set forth in R.C. 2929.11." *See id.* at ¶79. The inclusion of language in a sentencing entry affirmatively stating that the court considered the purposes of sentencing set forth in R.C. 2929.11 defeats a claim that the trial court failed to consider those statutory guidelines. *Id.*, citing *State v. Frederick*, 10th Dist. Franklin No. 13AP-630, 2014-Ohio-1960, ¶14.

{¶62} Further, the trial court's statements at the sentencing hearing demonstrate that it considered rehabilitation:

{¶63} "By your own, you mentioned these offenses are related to alcohol and drug abuse which he's not gotten treatment as well as he had many opportunities to do so.

{¶64} "* * *

{¶65} "And some of these offenses and you're here for sentencing were committed while you were on community control so and you've had plenty of chances throughout your life. I think you've had, the chance you got in '18 was the second chance you got since your second prison number. So after being on probation once before you got out of prison, I put you on probation for a second time, you didn't do what you had the opportunity to do. There is no way you can make it so that's why you're here.

{¶66} "It's more than just violations this is crimes so as I told [defense counsel] none of this is impulsive, it's based on facts and circumstances created by [Mr. Foti] in '17 so you're not amenable to community control at this point."

15

{¶67} Thus, as in *Anthony*, the trial court's statements demonstrate that it considered rehabilitation. *See id.* at ¶83, citing *State v. Kincade*, 3d Dist. Wyandot No. 16-09-20, 2010-Ohio-1497, ¶10 (the trial court's statements regarding unsuccessful past attempts to rehabilitate the defendant showed consideration of rehabilitation).

{¶68} Finally, as we recognized in *Anthony*, incarceration is not inconsistent with rehabilitation. *See id.* at ¶85, citing *State v. Barrett*, 8th Dist. Cuyahoga No. 97614, 2012-Ohio-3948, ¶31 (holding that an offender's prospects for rehabilitation would not necessarily rule out a prison term). A trial court cannot "require" rehabilitation. *Id.*, citing *State v. Gilmer*, 6th Dist. Ottawa No. OT-05-028, 2005-Ohio-6435, ¶7. It is up to a defendant to acknowledge that he needs to rehabilitate himself and take advantage of opportunities that might steer him in that direction. *Id.* Mr. Foti's expressed desired to finally obtain treatment is certainly commendable. Rehabilitation is a goal he may work toward while serving his sentences.

{¶69} Accordingly, Mr. Foti has not established by clear and convincing evidence that the trial court was not guided by the purpose of rehabilitation in imposing his felony sentences.

### R.C. 2929.12(C)(4) – Mitigation of Conduct

{¶70} In his third and final issue for review, Mr. Foti contends that the trial court's findings under R.C. 2929.12 were not supported by the record, making his sentences contrary to law.

{¶71} As an initial matter, we note that determining whether a trial court's findings under R.C. 2929.12 are supported by the record and whether a defendant's sentence is contrary to law are two separate concepts. *See Marcum, supra*, at ¶23 and R.C.

16

2953.08(G)(2)(b). Mr. Foti actually argues that the trial court failed to consider valid mitigating factors pursuant to R.C. 2929.12(C)(4). Thus, our analysis involves whether Mr. Foti has established that his sentences are clearly and convincingly contrary to law. *See Wilson*, *supra*, at ¶18.

{¶72} R.C. 2929.12(A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." *Foster*, *supra*, at ¶37. In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. *Id.* These statutory sections provide a nonexclusive list for the court to consider. *Id.*

{¶73} Further, the trial court is not obligated to give any particular weight or consideration to any sentencing factor. *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.). Provided that the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence within the statutory range. *Id.*

{¶74} In this case, the trial court stated that there were no applicable "less serious" factors under R.C. 2929.12. According to Mr. Foti, this establishes that the trial court did not consider R.C. 2929.12(C)(4), i.e., whether "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." Mr. Foti contends that these grounds include (1) his drug addiction/impairment, (2) his mental health issues, and (3) that none of his offenses involved violence.

{¶75} Mr. Foti asserts that drug addiction is a valid mitigating factor under Ohio law. However, the cases Mr. Foti cites in support of this proposition involved mitigating

17

factors under R.C. 2929.04(B) in consideration of a death sentence for aggravated murder, not "substantial grounds to mitigate the offender's conduct" under R.C. 2929.12(C)(4). *See State v. Johnson*, 144 Ohio St.3d 518, 2015-Ohio-4903, ¶102; *State v. Hicks*, 43 Ohio St.3d 72, 80 (1989). By contrast, this court has stated that substance abuse without completion of any treatment program does not constitute a substantial mitigating factor under R.C. 2929.12(C)(4). *See State v. Stewart*, 11th Dist. Lake No. 2008-L-112, 2009-Ohio-921, ¶33.

{¶76} In any event, the trial court stated at the sentencing hearing and in its sentencing entries that it considered the seriousness and recidivism factors in R.C. 2929.12, which satisfies its statutory duty. *See Dawson*, *supra*, at ¶15.

{¶77} In addition, the trial court stated in its judgment entries that it considered the record, oral statements, and any presentence report and/or drug and alcohol evaluation. At the sentencing hearing, the trial court expressly addressed Mr. Foti's claim of addiction, finding that his failure to obtain treatment despite many opportunities was an aggravating factor. Therefore, the trial court expressly considered Mr. Foti's claim of addiction. *See State v. Nelson*, 11th Dist. Ashtabula No. 2001-A-0076, 2002-Ohio-6701, ¶24.

{¶78} Although the trial court did not expressly address Mr. Foti's mental illness or lack of violence, we presume they were considered. *See State v. Finch*, 11th Dist. Portage No. 2013-P-0046, 2014-Ohio-1680, ¶16. The trial court apparently did not afford them any weight. *See State v. Schmidt*, 11th Dist. Lake No. 2018-L-068, 2019-Ohio-3990, ¶41. Simply because a trial court does not find the factors identified by a defendant to militate in favor of a less severe sentence does not imply the sentence is contrary to law. *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶25.

18

{¶79} Accordingly, Mr. Foti has not established by clear and convincing evidence that the trial court failed to consider R.C. 2929.12(C)(4).

**Modification of Sentences**

{¶80} Because Mr. Foti's sentence in case no. 2017 CR 001306 is void, his sentences in case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522 must be modified since the trial court ordered the prison terms imposed in those cases be served consecutively to the prison term imposed in case no. 2017 CR 001306. *See State v. Hernandez-Torres*, 11th Dist. Lake Nos. 2019-L-028 & 2019-L-029, 2019-Ohio-5310, ¶47. A trial court has no authority to order a sentence to be served consecutively to a future sentence not yet imposed. *Olmsted Falls v. Clifford*, 8th Dist. Cuyahoga No. 100375, 2014-Ohio-2397, ¶12, citing *State v. White*, 18 Ohio St.3d 340, 342 (1985). Thus, we modify Mr. Foti's sentences in case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522, in part, to eliminate the order that the prison terms imposed in those cases run consecutively to the prison term imposed in case no. 2017 CR 001306.

{¶81} Mr. Foti's sole assignment of error has merit in part.

{¶82} Based on the foregoing, the trial court's judgment in case no. 2017 CR 001306 is reversed, and Mr. Foti's convictions for violating his community control sanctions are hereby vacated. Case no. 2017 CR 001306 is remanded for a de novo sentencing hearing for the underlying offenses to which Mr. Foti pleaded guilty, to wit: Count 1 (having weapons while under disability), Count 7 (aggravated possession of drugs), and Count 8 (possession of cocaine), all with forfeiture specifications.

{¶83} The trial court's judgments in case nos. 2019 CR 000388, 2019 CR 000431, and 2019 CR 000522 are modified, in part, to eliminate the order that the prison terms

imposed in those cases run consecutively to the prison term imposed in case no. 2017 CR 001306 and are affirmed, as modified.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.