[Cite as *State v. McCants*, 2024-Ohio-784.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

SCOTT D. MCCANTS,

        Defendant-Appellant.

CASE NO. 2023-P-0031

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00786 D

**O P I N I O N**

Decided: March 4, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Scott D. McCants ("McCants"), appeals the May 1, 2023 order of the Portage County Court of Common Pleas revoking his community control and sentencing him to a 36-month prison term.

{¶2} McCants' conviction is the result of his participation in a shooting that occurred on September 29, 2020. McCants was driving a vehicle in which a passenger, Martise McWilson, shot out of the passenger window at a person in another vehicle, Troy Wilmington.

**{¶3}** McCants was indicted on October 22, 2020, on: count one, attempted aggravated murder, a felony of the first degree, with a firearm specification; count two, attempted murder, a felony of the first degree, with a firearm specification; count three, felonious assault, a felony of the second degree, with a firearm specification; count four, discharge of a firearm on or near prohibited premises, a felony of the third degree, with a firearm specification; count five, improper handling of a firearm in a motor vehicle, a felony of the fourth degree, with a firearm specification; and count six, having weapons while under disability, a felony of the third degree.

**{¶4}** On February 8, 2021, McCants entered a guilty plea to count six, having weapons under disability, a felony of the third degree. The State dismissed the remaining counts.

**{¶5}** A sentencing hearing was held on March 1, 2021. McCants was sentenced to 48 months of community control with 12 months under intensive supervision, followed by 36 months of general supervision. In addition, McCants was required to maintain full time employment and attend sober support meetings. McCants was informed during the hearing that any violation of the terms of his community control would result in a more restrictive community control sanction or a prison term of 36 months.

**{¶6}** A motion for modification or revocation was filed on April 15, 2022, alleging that McCants tested positive for THC, failed to attend sober support meetings, and failed to pay the required fines, costs, and supervision fees. A hearing was held on May 2, 2022. The following day, the trial court determined that McCants violated the terms of his probation, ordered McCants to pay the required supervision fees. The trial court vacated court costs and set the matter for a disposition hearing.

2

{¶7} That hearing was held on October 24, 2022. The trial court continued McCants' community control. In addition to the previous terms and conditions, appellant was ordered to attend two sober support meetings a week, and complete anger management.

{¶8} A second motion to modify or revoke community control was filed on April 18, 2023, when McCants was arrested and charged with improper handling of a firearm and having a weapon under disability. It was also alleged that appellant failed to attend sober support meetings, failed to complete anger management, and tested positive for THC. On May 1, 2023, the trial court determined that McCants was no longer amenable to community control and imposed a 36-month prison sentence with 143 days of credit.

{¶9} McCants timely appeals and asserts one assignment of error: "The trial court erred by imposing the maximum sentence upon Defendant-Appellant Scott McCants. During the sentencing colloquy, the court failed to consider the purposes of felony sentencing, pursuant to R.C. 2929.11, and the seriousness and recidivism factors, pursuant to R.C. 2929.12."

{¶10} In addition, McCants raises the issue of whether the court's imposition of the maximum sentence is contrary to law for its failure to properly consider the factors in R.C. 2929.11 and R.C. 2929.12. McCants contends that because the trial court did not recite the factors to be considered during the March 1, 2021 sentencing hearing, or any subsequent hearing thereafter, his sentence is contrary to law.

{¶11} This Court recently noted in *State v. Liddy*, 11th Dist. Ashtabula No. 2023-A-0029, 2023-Ohio-4028, ¶ 15-20:

> The standard of review for an appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Marcum*, 146

Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. The provision states in relevant part:

'The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.'

"'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St.469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶12} McCants asserts that because the trial court did not recite the purposes and principles of sentencing and the seriousness and recidivism factors during the March 1, 2021 sentencing hearing, or the subsequent sentencing hearing for McCants' community control violation on April 18, 2023, that the trial court's imposition of the maximum sentence is contrary to law.

{¶13} This Court has held that even when the record is silent, an appellate court will presume the trial court considered the appropriate sentencing factors unless there is

4

Case No. 2023-P-0031

evidence to the contrary. *State v. Dawson*, 11th Dist. Lake No. 2015-L-109, 2016-Ohio-2800, ¶ 15 citing *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2011-Ohio-4172, ¶ 8. "Further, there is no requirement that the court state on the record that it considered the statutory sentencing criteria. *[Kish].* However, the trial court satisfies its obligation to consider the statutory principles and factors by stating that it considered them. *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34." *Id.*

{¶14} Consistent with other Ohio courts, this Court has held that including the purposes and principles of sentencing and the seriousness and recidivism factors language in a sentencing entry defeats a claim that the trial court failed to consider the statutory guidelines. *State v. Foti*, 11th Dist. Lake Nos. 2019-L-059, 2019-L-060, 2019-L-061, 2019-L-123, 2020-Ohio-439, ¶ 61. The Tenth District Court of Appeals has held similarly in *State v. Frederick*, 10th Dist. Franklin No. 13AP-630, 2014-Ohio-1960, ¶ 14: "[w]e have * * * repeatedly concluded that the inclusion of language in a sentencing entry affirmatively stating that the court had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 defeats a claim that the trial court failed to consider those statutory guidelines. *State v. Ibrahim*, 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 20, citing *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31, 992 N.E.2d 425."

{¶15} Here, the entry filed on March 2, 2021 states that the trial court considered the principles of R.C. 2929.11. McCants did not appeal that order, so he may not raise the issue now on appeal of the May 1, 2023 sentencing order.

> "A community control violation under R.C. 2929.15(B) results in a new sentence, as the previous sentence was community control. Accordingly, a trial court 'must comply with the relevant sentencing statutes' in imposing that new sentence.

Case No. 2023-P-0031

> *State v. Hart*, 6th Dist. Lucas No. L-18-1204, 2019- Ohio-3926, ¶ 6, citing *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17 (additional citation omitted.); *Alexander* at ¶ 7 (citations omitted.)."

*State v. Woody*, 6th Dist. Ottawa No. OT-21-007, 2021-Ohio-3861, ¶ 15.

{¶16} The May 1, 2023 entry states "[w]eighing all factors, a prison term is consistent with the purpose and principles of 2929.11(A) and the Defendant is no longer amenable to community control sanctions." McCants, in his brief, concedes that the entry contains R.C. 2929.11 and R.C. 2929.12 language. This Court has held that this language included in a sentencing entry is enough to defeat a claim that the trial court failed to consider the guidelines. *Foti,* 2020-Ohio-439, ¶ 61*.* Further, absent any evidence to the contrary, even where silent, this Court must presume that the trial court considered all the relevant statutory factors. *Dawson,* 2016-Ohio-2800, ¶ 15*.*

{¶17} McCants' sentence was within statutory guidelines articulated in R.C. 2929.14, and he was notified during the March 1, 2021 hearing that a violation of his community control would result in an imposition of 36 months of imprisonment.

{¶18} The transcripts from the March 1, 2021 hearing indicate that the trial court stated on the record that it reviewed and considered McCant's presentence investigation report. The trial court stated further that, "I do think you don't realize how serious this was in your role in it * * * the underlying offense here is incredibly violent * * *." During the April 28, 2023, revocation hearing, the trial court stated, "[M]y concern is he just keeps having violations over and over again."

6

Case No. 2023-P-0031

{¶19} The record does not indicate that the trial court neglected to consider the required statutory principles and factors. Absent any evidence otherwise, this Court must presume that the trial court considered the relevant principles and factors.

{¶20} McCants has failed to demonstrate that his conviction is clearly and convincingly unsupported by the record or contrary to law.

{¶21} For the foregoing reasons, McCants sole assignment of error is without merit, and we affirm the order of the Portage County Court of Common Pleas.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.