OPINION
{¶ 1} Defendant-appellant, Christopher P. Darby, appeals the Judgment Entry of Sentence, rendered by the Lake County Court of Common Pleas, sentencing him to serve an eight year prison sentence for a single conviction of Aggravated Assault. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On February 21, 2008, Darby was charged, by way of an Information filed in the Lake County Court of Common Pleas, with one count of Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(2). According to the Information, "[o]n or about the 13th day of November, 2007, in the City of Willowick, * * *DARBY did knowingly cause or attempt to cause physical harm to Greg Higham, by means of a deadly weapon, * * * to-wit: a baseball/softball bat."
 {¶ 3} On March 24, 2008, Darby entered a Written Plea of Guilty to one count of Aggravated Assault.
 {¶ 4} On May 5, 2008, following a sentencing hearing, the trial court ordered Darby to serve an eight-year term of imprisonment. Eight years is the maximum prison term that may be imposed for a second degree felony. R.C. 2929.14(A)(2). The court also ordered Darby to pay a financial sanction of restitution to the victim in the amount of $610.00, and notified him of a mandatory three-year period of post release control.
 {¶ 5} Darby timely appeals and raises the following assignment of error: "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment."
 {¶ 6} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." State v. Kalish, Ohio St.3d,2008-Ohio-4912, at ¶ 26.
 {¶ 7} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." *Page 3 
R.C. 2929.11(A). A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 8} Among the factors a court is required to consider, "indicating that the offender is not likely to commit future crimes," is whether "[p]rior to committing the offense, the offender had led a law-abiding life for a significant number of years," and whether "[t]he offender shows genuine remorse for the offense." R.C. 2929.12(E)(3) and (5); cf. R.C. 2929.12(D)(5) (identifying the failure to show genuine remorse as a factor "indicating that the offender is likely to commit future crimes").
 {¶ 9} It is well-established that R.C. 2929.12(A) does not require a sentencing court to make specific findings regarding the seriousness and recidivism factors. Kalish, 2008-Ohio-4912, at ¶ 17 ("R.C. 2929.11 and2929.12 * * * are not fact-finding statutes"). Ohio's felony sentencing law only requires the trial court to "consider" the mitigating circumstances in the exercise of its discretion. State v. Glenn, 11th Dist. No. 2003-L-022, 2004-Ohio-2917, at ¶ 47 ("[a] trial court is only required to consider mitigating factors") (emphasis sic). Thus, the Ohio Supreme Court has characterized the mandate of R.C. 2929.12(A) as a "general judicial guide for every sentencing * * * granting] the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.'" State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶¶ 36-37 (citation omitted). "It is important to note that there is no mandate for *Page 4 
judicial factfinding in the general guidance statutes. The court is merely to `consider' the statutory factors." Id. at ¶ 42.
 {¶ 10} Darby argues that the trial court erroneously "found" that he did not express genuine remorse for his conduct and that the court did not give "enough weight" to certain factors indicating that recidivism was less likely. Specifically, Darby notes that he has maintained steady employment and has been a law-abiding member of the community for several years.
 {¶ 11} Contrary to Darby's characterization of the trial court's judgment, the court did not make findings regarding his remorse or ability to live in and contribute to society. The trial judge expressly acknowledged that, "in using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I've considered all relevant factors, including the seriousness factors and the recidivism factors set forth in Revised Code 2929.12."
 {¶ 12} In explaining his actions to the court, Darby stated "it was the alcohol" and that he thought he was defending himself. The court noted that "blaming the alcohol for this * * * doesn't indicate much remorse."
 {¶ 13} Darby's attorney informed the court that Darby had led a law-abiding life since 2001, was just promoted to foreman at his employment, and has a fiancée with whom he has a child. The court noted that, in addition to some juvenile charges, Darby was convicted of Felonious Assault in 1996, again for attacking someone with a baseball bat. Darby was incarcerated until 2001 followed by a year on parole. "The fact that you committed exactly the same crime after having been to prison for five years indicated to me that five years would not be enough. The most I can do is max you out." *Page 5 
 {¶ 14} There was no error in the trial court's decision to impose the maximum sentence. The court properly considered Darby's purported remorse as well as other factors "indicating that the offender is likely to commit future crimes," such as his juvenile adjudications, history of criminal convictions, and failure to respond favorably to sanctions previously imposed. R.C. 2929.12(D)(2) and (3). It was within the court's discretion to impose an eight-year sentence, regardless of whether it accepted Darby's show of remorse as genuine and the weight accorded the various factors. "[T]he trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor. Provided that the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence within the statutory range." State v.Holin, 174 Ohio App.3d 1, 2007-Ohio-6255, at ¶ 34 (citations omitted);State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph three of the syllabus ("[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences").
 {¶ 15} The sole assignment of error is without merit.
 {¶ 16} The judgment of the Lake County Court of Common Pleas, sentencing Darby to a prison term of eight years, is affirmed. Costs to be taxed against appellant.
COLLEEN MARY OTOOLE, J., concurs,
 MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion. *Page 6