[Cite as *State v. Dawson*, 2016-Ohio-2800.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-109** |
| DAVID D. DAWSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000232.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Teri R. Daniel,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, David D. Dawson, appeals his sentence following his guilty plea to trafficking in cocaine and related felonies. At issue is whether appellant's sentence was contrary to law. For the reasons that follow, we affirm.

{¶2} On July 2, 2015, appellant pled guilty to trafficking in cocaine, a felony of the fifth degree; attempted tampering with evidence, a felony of the fourth degree;

possession of cocaine, a felony of the fifth degree; and attempted illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the fourth degree.

{¶3} The statement of facts that follows is derived from evidence presented at appellant's guilty-plea and sentencing hearings. On March 16, 2015, a special agent with the Lake County Narcotics Agency received information from a confidential informant that appellant was selling crack cocaine from a crack house in Painesville, Ohio. The confidential informant made arrangements to buy crack cocaine from appellant and was wired by agents from the Narcotics Agency. The confidential informant went to the crack house and purchased crack from appellant using recorded funds.

{¶4} Two days later, on March 18, 2015, Narcotics Agency agents executed a search warrant at the crack house. They knocked loudly on the front door. An occupant pulled the window shade on the inside of the front door to the side. The agents yelled, "police, open the door right now!" However, the occupant did not comply. After the agents pounded on the front door several times, the occupant finally unlocked and opened the door. Upon entering the residence, the officers announced they had a search warrant and walked through the house. While in a bedroom, they heard a toilet flushing in the adjoining bathroom. The agents entered the bathroom and found appellant attempting to flush crack cocaine down the toilet. After he was handcuffed, one of the agents noticed a clear plastic bag containing crack cocaine floating in the running toilet bowl. The agent recovered the bag and preserved it as evidence.

{¶5} During a search of the crack house, the agents also recovered a second plastic bag containing crack cocaine on the bathroom sink countertop and $194 in cash in appellant's pants pocket. Appellant was also in possession of a scale and a

measuring cup that contained crack cocaine residue, indicating the manufacture of crack.

{¶6}  In a colloquy between the trial court and appellant during the guilty-plea hearing, in response to the court's questions, appellant admitted that he knowingly sold or offered to sell cocaine on March 16, 2015; that on March 18, 2015, he attempted to get rid of the cocaine in his possession because he knew the police were in the house and he did not want them to find the drugs; that on March 18, 2015, he knowingly possessed cocaine; and that between March 1, 2015 and March 18, 2015, he attempted to illegally assemble or possess chemicals for the manufacture of crack cocaine.

{¶7}  The court found appellant's guilty plea to be voluntary; accepted the plea; found appellant guilty of the foregoing offenses; and referred the matter to the probation department for a pre-sentence report.

{¶8}  At the sentencing, pursuant to the agreement of the parties, the court merged attempted tampering with evidence, possession of cocaine, and attempted illegal manufacture of drugs.  Among these offenses, the state elected to proceed to sentencing on attempted tampering with evidence, a felony-four, in addition to trafficking in cocaine.

{¶9}  The court noted that appellant, who is 33 years old, has a significant criminal history.  He was sentenced to prison twice, once in 2002 and again in 2006.

{¶10} At sentencing, appellant's counsel recommended that appellant be sentenced to seven months in prison on each of the two offenses that did not merge and that these terms be served consecutively, for a total of 14 months.  On the other hand, the prosecutor recommended a consecutive sentence of 30 months, which was the maximum potential sentence for these two offenses.  The court sentenced appellant

3

to 11 months for trafficking in cocaine and 17 months for attempting tampering with evidence, for a total of 28 months in prison.

{¶11} Appellant appeals his sentence, asserting the following for his sole assignment of error:

{¶12} "The trial court erred by sentencing the defendant-appellant to a consecutive, twenty-eight month prison term."

{¶13} Appellant argues the trial court erred in sentencing him to 28 months because, in his view, the court did not consider: (1) the less seriousness factor that he did not cause physical harm to anyone (R.C. 2929.12(C)(3)), or (2) the inapplicability of the recidivism factor that he refuses to acknowledge a pattern of drug abuse that was related to the instant offenses (R.C. 2929.12(D)(4)).

{¶14} The Supreme Court of Ohio, in *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, held that appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2) when reviewing felony sentences. *Id*. at ¶1. Thus, applying the plain language of that statute, the Supreme Court held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* The Court further held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id*. at ¶10.

{¶15} Absent evidence to the contrary, a reviewing court will presume the trial court considered all appropriate sentencing factors, even if the record is silent. *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2011-Ohio-4172, ¶8. Further, there is no requirement that the court state on the record that it considered the statutory sentencing

4

criteria. *Id.* However, the trial court satisfies its obligation to consider the statutory principles and factors by stating that it considered them. *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34. Moreover, this court has stated, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. In this case, the trial court met its obligations under the law.

{¶16} The trial court stated on the record during the sentencing hearing and in its sentencing entry that it considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶17} Further, during the sentencing hearing, the court said it considered the complete record in this case, including the presentence report, the recommendation of the probation department, the sentencing memorandum presented on behalf of appellant, and the statements made by appellant.

{¶18} With respect to the less seriousness factors, the court considered the fact that none of the current offenses involved violence. With respect to the factors making recidivism less likely, the court noted that appellant pled guilty to his crimes, accepted responsibility for his involvement, and has shown genuine remorse.

{¶19} However, the court placed greater emphasis on factors in appellant's case that made recidivism more likely. These included appellant's history of a juvenile delinquency adjudication and his long history of criminal convictions as an adult. The court noted that appellant has 21 prior convictions between 2001 and prior to the instant conviction (not counting his probation violations), seven of which were for felonies, including felonies involving violence. The court noted that appellant had not responded

5

favorably when sanctions were previously imposed in that he had probation violations in 2002 and 2004. The court also noted that appellant served two prison terms that were imposed concurrently in two separate cases in 2002. He served another prison term between 2006 and 2011. And, appellant served two prison sentences consecutively between 2013 and 2015. The court noted that appellant had only been out of prison for some 10 days between March 6, 2015 and March 18, 2015, and was on post-release control when he committed the instant crimes.

{¶20} While appellant may not agree with the emphasis placed by the trial court on his criminal record and the fact that he was only out of prison for ten days and on post-release control when he committed these crimes, he cannot reasonably dispute that the court considered the sentencing criteria in R.C. 2929.11 and R.C. 2929.12.

{¶21} In view of the foregoing, we do not clearly and convincingly find that the trial court's sentence was contrary to law.

{¶22} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

6