[Cite as *State v. Thomas*, 2018-Ohio-1024.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0059** |
| EDWARD EUGENE THOMAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00001.

Judgment: Affirmed in part, reversed in part, and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener,* P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Edward Eugene Thomas, appeals from the judgment of the Ashtabula County Court of Common Pleas, concluding he violated his community control sanctions and imposing a 36-month term of imprisonment. At issue is whether the trial court committed error in rendering its written judgment and failing to afford appellant an opportunity for allocution before entering sentence. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings.

**{¶2}** On February 4, 2016, appellant was indicted on two counts of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), felonies of the third degree. Ultimately, appellant pleaded guilty to one count and, on October 27, 2016, he was sentenced to two years intensive community control with zero days jail-time credit. Appellant was also informed that, should he violate his community-control sanction, the court could impose a prison term of up to 36 months.

**{¶3}** On June 15, 2017, an arrest warrant was issued for appellant due to an allegation that he violated his community-control sanctions. The matter came on for hearing on August 17, 2017, at which time, testimony was taken from John Grzincic, appellant's supervisor with the adult parole authority; as well as appellant's former girlfriend, Tonya Durkin. Mr. Grzincic testified the adult parole authority became involved in the alleged violation after it received a complaint stating appellant had assaulted Ms. Durkin. Based upon the complaint, the adult parole authority filed for a violation of one or more of the conditions of appellant's community control sanctions; namely, the condition that appellant obey all federal, state, and local laws and ordinances and conduct himself as a reasonable, law-abiding citizen.

**{¶4}** Ms. Durkin testified she was with appellant and appellant's father on the night of the incident. She was highly intoxicated and dancing with appellant's father at a bar located in Geneva-on-the-Lake. Later, as they were preparing to leave in appellant's car, appellant became angry and "popped" Ms. Durkin in the mouth. As she attempted to exit the vehicle, appellant grabbed her, which, she testified, left scratch

2

marks on her back and broke her necklace. Appellant exited the vehicle and left the scene. Police were called and appellant was arrested.

{¶5} After hearing evidence, the trial court found appellant in violation of his community-control sanctions and ordered him to serve the 36-month term. This appeal follows. Appellant assigns the following as error:

{¶6} "The trial court erred when it violated the rights afforded appellant under Crim.R. 32 and the U.S. Supreme Court case *Gagnon v. Scarpelli*."

{¶7} Appellant submits two issues for this court's review. He first contends the trial court erred when it failed to give him an opportunity for allocution prior to entering sentence, pursuant to Crim.R. 32(A)(1). He also contends the trial court erred in failing to provide him a written statement of the evidence it relied upon in finding he violated community control. We shall address the second issue first.

{¶8} "A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control." *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015-Ohio-2554, ¶11 citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). The due process rights to which an alleged violator is entitled in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *Gagnon, supra*, at 786, quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

{¶9} Appellant contends the trial court failed to provide a written statement of the evidence upon which it relied in concluding he violated his community control. We do not agree.

{¶10} In its August 17, 2017 judgment entry, the trial court observed:

{¶11} Upon inquiry by the Court, the evidence was taken on the record and based on the evidence the Court finds and concludes that the defendant has in fact violated the terms of community control, in that the defendant on or about 6/3/17, in the vicinity of Jolley Drive, Geneva-on-the-Lake, Ohio the Defendant caused or attempted to cause physical harm to Tanya Durkin.

{¶12} The Court further finds that his actions were in violation of condition Number One, which REQUIRES him TO CONDUCT himself AS A RESPONSIBLE LAW ABIDING CITIZEN.

{¶13} Appellant does not take issue with the sufficiency of the evidence or the substance of the court's determination. Because the court provided appellant with a written basis of the evidence upon which it relied as well as the condition appellant violated, we conclude the court complied with *Gagnon*.

{¶14} Next, appellant argues he was denied his right to allocution prior to the court's imposition of the 36-month term of imprisonment. In support, appellant cites *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814. In *Heinz*, the Court was asked to resolve whether a prosecutor is entitled to represent the state, i.e., notice and an opportunity to be heard, in community-control violation hearings. The Court responded in the affirmative, stating:

{¶15} The prosecuting attorney has the authority to prosecute all complaints, suits, and controversies in which the state is a party, and because the state is a party to community control violation proceedings, because it has the burden of proving that a violation occurred, because it maintains an interest in ensuring that the proper sentence is imposed to punish and rehabilitate the offender while protecting the safety of the public, and because it is

4

responsible for preserving error for appeal, the state, through the prosecuting attorney, is entitled to notice and an opportunity to be heard in all such hearings. *Id.* at ¶2.

{¶16} With respect to the issue of being heard, the Court observed:

{¶17} R.C. 2929.19(A) and Crim.R. 32(A)(2) direct the trial court at the time of imposing sentence to afford the prosecuting attorney the right to appear and speak on behalf of the state, because it has an interest in ensuring that a proper sentence is imposed to punish and rehabilitate the offender while protecting the public, R.C. 2929.11(A). These same statutes apply when the court decides the appropriate sentence for a community control violation. *Heinz, supra*, at ¶19.

{¶18} Although *Heinz* implicitly recognizes a violator's right to some form of allocution, by noting that R.C. 2929.19(A), which requires the court to "ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender," applies to the proceedings. The Court, however, was not asked to address the application of Crim.R. 32(A)(1), which requires the court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Accordingly, *Heinz* appears to be directly limited to a prosecutor's rights during a violation hearing.

{¶19} Subsequent to *Heinz*, however, the Court explicitly held "that a trial court must afford an offender an opportunity for allocution at a community-control-revocation hearing before imposing a sentence for violating the conditions of community control." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶1. In *Jackson*, the Court underscored that a community-control-revocation hearing is also a sentencing hearing and, as such, *both* R.C. 2929.19(A) and Crim.R. 32(A)(1) apply during violation hearings. *Jackson, supra*, at ¶11.

5

**{¶20}** The state points out that this court, in *State v. Gibson*, 11th Dist. Portage No. 2013-P-0047, 2014-Ohio-433, concluded "there is no right of allocution at a probation revocation hearing." *Id.* at ¶40; *see also State v. Payne*, 11th Dist. Ashtabula No. 2015-A-0007, 2015-Ohio-5073, ¶34 (relying on *Gibson*, this court again held an offender has no right to allocution at a revocation hearing). While this court's previous precedent held an offender was not entitled to allocution at a revocation hearing, those cases are overruled to the extent they conflict with the Supreme Court's holding in *Jackson*, *supra*.

**{¶21}** That said, the state does not dispute the court failed to offer appellant the opportunity to make a statement. Instead, the state emphasizes, appellant was afforded his right to allocution during the original hearing. And, it maintains the court was not required to afford appellant an opportunity at the violation hearing because it purportedly informed appellant at his *original* sentencing hearing that, in the event of a violation of community control, it would impose the 36-month sentence. The state's position misconstrues the nature of the violation-hearing procedure.

**{¶22}** In *Heinz*, the Court emphasized that the revocation of community control is an exercise of the sentencing court's criminal jurisdiction. To wit, pursuant to R.C. 2929.15(B)(1), "the court may extend the term of the offender's community control or impose a more restrictive sanction or a prison term if the conditions of community control are violated." *Heinz*, *supra*, at ¶15. As such, "'[f]ollowing a community control violation, the trial court conducts *a second sentencing hearing*. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *Id.*, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶17; *see*

6

*also Jackson*, *supra*, at ¶11. Accordingly, the substance and procedure of the original sentencing hearing is of no moment; after a court finds a violation, a violator, pursuant to *Jackson* and the relevant statutes and rules upon which it relied, is entitled to make a statement anew prior to the court's imposition of sentence.

{¶23} With these points in mind, the question of remedy must be addressed. In *Jackson*, *supra*, the court noted that a court's failure to give a violator an opportunity for allocution requires resentencing, absent invited or harmless error. The Court stated that even though Jackson did not identify what he would have stated as mitigation, such a showing is unnecessary. *Id.* at ¶16. The Court observed that requiring a violator to proffer what he would have stated to establish the lack of harmless error would require him to present new evidence outside the record. *Id.* The court appeared to conclude that such a burden would be inequitable. Regardless of this point, this court has previously held that "'[t]he failure to grant allocution is not harmless error when a defendant is denied the opportunity to address evidence introduced and considered by the trial court at sentencing.'" *State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, ¶11, quoting *State v. Castle*, 4th Dist. Lawrence No. 03CA24, 2004-Ohio-1992, ¶9.

{¶24} Here, the error was neither invited nor harmless. Furthermore, the trial court denied appellant his opportunity for allocution. We therefore conclude the matter must be reversed and remanded for resentencing on the violation.

{¶25} Appellant's assignment of error is sustained in part and overruled in part.

{¶26} Because we hold the trial court did not err in finding appellant in violation of his community control, that aspect of the proceedings is affirmed. To the extent, however, the trial court did not give appellant the opportunity to address the court in

7

mitigation prior to imposing sentence, the matter is reversed and remanded for resentencing on the violation. The judgment of the Ashtabula County Court of Common Pleas is therefore affirmed in part, reversed in part, and remanded.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.