[Cite as *State v. Warfield*, 2022-Ohio-1818.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

          Plaintiff-Appellee,

   - v -

DARON WARFIELD, JR.,

          Defendant-Appellant.

CASE NO. 2021-T-0050

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2017 CR 00532

---

# O P I N I O N

Decided: May 31, 2022
Judgment: Reversed and remanded

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher Philip Lacich*, Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Daron Warfield, Jr. ("Mr. Warfield"), appeals from the judgment of the Trumbull County Court of Common Pleas revoking his community control and sentencing him to a prison term of 48 months.

{¶2}    Mr. Warfield asserts two assignments of error, contending (1) the trial court erred by finding that he violated community control and imposing a prison sentence on the basis of separate criminal charges for which he was acquitted; and (2) his trial counsel provided ineffective assistance.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The failure to provide written notice to Mr. Warfield that the criminal charges filed against him in a separate case formed the basis of his alleged community control violation in the underlying case violated his procedural due process rights.

{¶5} (2) The lack of written notice prejudiced Mr. Warfield because he was precluded from preparing an appropriate defense to the proposed revocation of community control.

{¶6} Thus, we find plain error. We reverse the trial court's judgment and remand for the trial court to conduct a community control revocation hearing in compliance with all legal requirements. Our disposition renders moot the remaining arguments in Mr. Warfield's first assignment of error and his second assignment of error.

## Substantive and Procedural History

{¶7} In 2017, the Trumbull County Grand Jury indicted Mr. Warfield on four felony counts: possession of cocaine, a third-degree felony, in violation of R.C. 2925.11(A) and (C)(4)(c) (count 1); tampering with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1) and (B) (count 2); trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) and (C)(4)(a) (count 3); and possession of heroin, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(6)(a) (count 4). Mr. Warfield initially pleaded not guilty to the charges.

{¶8} In 2018, Mr. Warfield entered written and oral pleas of guilty to count 1 (possession of cocaine) and count 4 (possession of heroin). The state agreed to dismiss count 2 (tampering with evidence) and count 3 (trafficking in cocaine) at sentencing. Following a plea colloquy, the trial court accepted Mr. Warfield's guilty pleas to counts 1

2

and 4 and found him guilty. It ordered a presentence investigation and set the matter for sentencing.

{¶9} The trial court sentenced Mr. Warfield to five years of community control sanctions containing general and specific conditions. The trial court's sentencing entry states that if Mr. Warfield violated the terms of his community control, it could impose more restrictive community control sanctions or a prison term of 48 months.

{¶10} On January 28, 2020, the trial court filed a judgment entry stating that Mr. Warfield appeared for an "arraignment/pre-trial" and requested appointed counsel. The trial court appointed him counsel and set a community control violation hearing for February 13.

{¶11} On February 18, the trial court filed an "amended journal entry" that stated, "Probation Violating Hearing held February 13, 2020. To be reset upon disposition of Trumbull County Court of Common Pleas case number 20-CR-72."

{¶12} There is no record of any proceedings in case no. 2020 CR 00072 before us on appeal. However, the online docket indicates Mr. Warfield was indicted in that case on two counts of attempted murder with firearm specifications, two counts of felonious assault with firearm specifications, and one count of having weapons while under disability. The case was assigned to a different common pleas court judge. Mr. Warfield was acquitted of all charges following a jury trial held on June 1, 2021.

{¶13} The trial court's docket in the underlying case contains an entry on June 8, 2021, setting a "probation violation" hearing for June 10. Mr. Warfield appeared at the hearing with counsel. The state and Mr. Warfield's probation officer also appeared.

3

{¶14} The trial court asked defense counsel how Mr. Warfield wanted to plead to the community control violation. Defense counsel addressed what he believed to be the violation at issue:

{¶15} "Well, Your Honor, technically to the violation -- it is a violation. However, there was an issue, when he pled to the charge that led to the violation, that there was an entry saying that the State and the Defendant are of the understanding that a probation violation will not be instituted as a result of this plea. Show it to the Judge, please.

{¶16} "And Mr. -- Mr. Warfield indicates that when he was sentenced that -- when you asked him, were any specific promises made to him --"

{¶17} At this point, the trial court interjected:

{¶18} "That's not the basis of this violation. The basis of this violation is -- he was charged with murder down the hall. That's not the basis of this violation.

{¶19} "If you're asking me, is the violation going to be dismissed? Not a chance. We're going forward on the violation today, so how would he like to plead?"

{¶20} Mr. Warfield's probation officer then addressed the trial court:

{¶21} "Your Honor, if I could? The report was updated to reflect the fact that that case was dismissed, and he has the misdemeanor conviction as part of the violation –"

{¶22} The trial court responded:

{¶23} "Correct. The violation is black and white. There's no question on what that is. So he can either plead or we're going to have a hearing real quick."

{¶24} The state next addressed the trial court:

{¶25} "Your Honor, while he's considering that, if I could just clear up the record.

4

{¶26} "I do agree with [defense counsel] that there was a stipulation in the plea on another case that he would not be violated based on that other case. I was not party to that. I'm not trying to gauge the wisdom of that, however, that is in fact the case.

{¶27} "The Court has made it clear that the basis for this violation is the charge that he had in Judge Logan's court, which is a completely different issue. I think that the Court has the capacity and the authority to do that. So at this point I just want to clarify for the record that this was not based on the prior charge that he had pled to. This is based on the other criminal acts that he committed."

{¶28} The trial court replied, "That's correct."

{¶29} Defendant counsel stated that since Mr. Warfield "was acquitted on that charge," he pleaded "not true or not guilty." The trial court responded, "[w]e're going to have a hearing right now, counsel."

{¶30} The state and the trial court engaged in the following exchange:

{¶31} "[THE STATE]: Your Honor, prior to this morning I was of the understanding that this probation violation was based on the previous charge that he pled guilty to, so I am caught a little off guard on this.

{¶32} "I'm not opposed to proceeding with the hearing on the probation violation, but at this point in time I would have to agree with defense counsel, he was charged with an attempted murder, felonious assault and some gun specifications. The case did proceed to trial. The Defendant was found not guilty at the end of the jury's deliberations.

{¶33} "I think at this point there are some indications of criminal activity, though the jury found that there was not proof beyond a reasonable doubt to convict this Defendant.

5

Case No. 2021-T-0050

{¶34} "I think the Court can take the circumstances surrounding --

{¶35} "[TRIAL COURT]: The Court will take judicial notice of all the facts in the case that was tried down the hall.

{¶36} "[THE STATE]: And I understand that you can take into consideration the circumstances surrounding those offenses even though there was not proof beyond a reasonable doubt to convict based on the jury's decision, you can take the circumstances surrounding and give them whatever weight you deem to be appropriate.

{¶37} "[TRIAL COURT]: Correct."

{¶38} The trial court asked defense counsel if he wanted to respond, and he declined. The trial court next asked defense counsel if he wanted to say anything on Mr. Warfield's behalf, and he again declined.

{¶39} The trial court asked Mr. Warfield if he had anything to say, and the following exchange occurred:

{¶40} "[MR. WARFIELD]: I'm being – I'm getting a violation for the misdemeanor; right?

{¶41} "[TRIAL COURT]: No. You're being violated because you were charged with Murder, Attempted Murder and you went to trial, and you had a gun on you. That's the basis of your violation. And you have a criminal record a mile long.

{¶42} "You've been given every opportunity any defendant could ever be given and you've never been successful on community control. That's the basis of your violation.

{¶43} "Is there anything you would like to say?

6

{¶44} "[MR. WARFIELD]: Yes, Your Honor. I never even -- I never even violated my probation. I haven't had no dirty urines. I did not not report. I was accused of something that I didn't do and I proceeded to trial to fight it.

{¶45} "[TRIAL COURT]: Is there anything else you would like to say?

{¶46} "[MR. WARFIELD]: No, sir.

{¶47} "[TRIAL COURT]: The Defendant is to remain in the custody of the Trumbull County Sheriff, be transported to the Ohio Department of Rehabilitation and Corrections to serve 48 months. Credit for any time served on this probation violation."

{¶48} The trial court filed a sentencing entry stating that Mr. Warfield was sentenced to a prison term of 36 months on count 1 and 12 months on count 2 to run consecutively, for an aggregate prison term of 48 months, with credit for 775 days.

{¶49} The state filed a motion for leave to reopen Mr. Warfield's "probation violation hearing." The state attached affidavits from two police officers who purportedly investigated the charged offenses in case no. 2020 CR 00072. The trial court did not expressly rule on the state's motion.

{¶50} This court granted Mr. Warfield's motion for leave to file a delayed appeal. Mr. Warfield now asserts the following two assignments of error:

{¶51} "[1.] The trial court erred by finding a violation of community control and imposing a sentence of incarceration, which was an abuse of discretion and/or clearly and convincingly contrary to law, when the sole basis for the same was defendant-appellant's acquittal in another case.

{¶52} "[2.] Trial counsel was ineffective for failing to object to the proceedings before the trial court which resulted in the court revoking defendant-appellant's community control and the imposition of a 48 month prison sentence."

### Due Process

{¶53} Mr. Warfield sets forth several arguments in his first assignment of error. He contends that his due process rights were violated; the state did not present substantial proof that he violated his community control; the trial court abused its discretion in revoking his community control; and his prison sentence of 48 months is clearly and convincingly contrary to law. We find Mr. Warfield's due process argument to be dispositive of this appeal.

### *Standard of Review*

{¶54} Since Mr. Warfield did not raise the alleged due process violations in the trial court, he has forfeited all but plain error. *State v. Solomon*, 11th Dist. Portage No. 2017-P-0078, 2019-Ohio-1841, ¶ 10.

{¶55} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To find plain error, we must conclude (1) there was an error, i.e., a deviation from a legal rule, (2) the error was plain, i.e., an obvious defect in the proceedings, and (3) the error affected substantial rights, i.e., the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error must be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

Case No. 2021-T-0050

### *Legal Requirements*

**{¶56}** A community control revocation hearing is not a criminal trial. *State v. Mayle*, 2017-Ohio-8942, 101 N.E.3d 490, ¶ 14 (11th Dist.). Therefore, a defendant faced is not afforded the full panoply of rights given to a defendant in a criminal prosecution. *Id.*

**{¶57}** However, a defendant is entitled to due process. *See State v. Thomas*, 2018-Ohio-1024, 109 N.E.3d 12, ¶ 8 (11th Dist.); *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These minimum due process requirements include (1) written notice of the claimed violations of community control; (2) disclosure of evidence against the defendant; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *Thomas* at ¶ 8; *see Gagnon* at 786.

### *Analysis*

**{¶58}** A review of the record demonstrates several procedural irregularities in relation to the revocation hearing. Most fundamentally, Mr. Warfield was not provided with written notice of his alleged community control violation.

**{¶59}** The basic purpose of written notice is to advise the defendant of the charges against him so he may prepare an adequate defense. *State v. Alley*, 11th Dist. Portage No. 2006-P-0070, 2007-Ohio-4483, ¶ 28. Typically, due process is satisfied when a probation officer files with the court a statement of violation and request for revocation. *See State v. Moore*, 10th Dist. Franklin No. 03AP-803, 2004-Ohio-2521, ¶ 6.

9

{¶60} No such document appears in the record before us. Instead, the record contains a judgment entry setting a community control violation hearing and a journal entry stating that the hearing would be reset upon disposition of case no. 2020 CR 00072.

{¶61} The hearing transcript demonstrates that the parties were not aware that the charged offenses in case no. 2020 CR 00072 formed the basis of Mr. Warfield's alleged community control violation. Rather, defense counsel, the state, and the probation officer all expressed beliefs that Mr. Warfield's alleged violation related to a separate misdemeanor offense. Defense counsel proceeded on that basis at the hearing until the trial court informed him otherwise.

{¶62} Since Mr. Warfield did not receive written notice that the charged offenses in case no. 2020 CR 00072 formed the basis of his alleged community control violation, he was necessarily precluded from preparing an appropriate defense to the proposed revocation. *See State v. Alexander*, 11th Dist. Trumbull No. 99-T-0182, 2001 WL 209212, *2 (Mar. 2, 2001).

{¶63} The prejudice to Mr. Warfield was compounded by the trial court's taking of judicial notice of the jury trial in case no. 2020 CR 00072.

{¶64} While the state does not have to establish a community control violation with proof beyond a reasonable doubt, it must present substantial proof that a violation occurred. *State v. Brown*, 11th Dist. Lake Nos. 2020-L-002 and 2020-L-003, 2020-Ohio-5140, ¶ 69. This standard is analogous to a preponderance of the evidence burden of proof. *Id.* Thus, the state must introduce evidence tending to show that it was more probable than not that the defendant violated the terms of his or her community control. *Id.* at ¶ 70.

10

{**¶65**}  The Supreme Court of Ohio has held that "[p]arole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, *unless all factual support for the revocation is removed*." (Emphasis added.)  *Barnett v. Ohio Adult Parole Auth.*, 81 Ohio St.3d 385, 387, 692 N.E.2d 135 (1998).  As one court has explained, since the burden of proof in a community control revocation hearing is not as great as in a criminal trial, the state's failure to prove the defendant guilty beyond a reasonable doubt may not prevent the state from meeting a lesser standard of proof.  *State v. Corbin*, 8th Dist. Cuyahoga No. 43606, 1982 WL 2294, *1 (Jan. 14, 1982).

{**¶66**}  Here, the state called no witnesses and offered no exhibits to demonstrate that Mr. Warfield had violated the conditions of his community control.  In fact, the state indicated that it was not prepared to do so based on its prior understanding that Mr. Warfield's alleged violation related to a separate misdemeanor offense.  As a result, the trial court determined that it would take judicial notice of "all the facts" in the jury trial in case no. 2020 CR 00072.

{**¶67**}  This court has held that "'a trial court may not take judicial notice of prior proceedings in the court but may only take judicial notice of the proceedings in the immediate case.'"  *State v. Baiduc*, 11th Dist. Geauga No. 2006-G-2711, 2007-Ohio-4963, ¶ 20, quoting *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 159, 454 N.E.2d 1330 (4th Dist.1982).  "'The rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court accurately interpreted the prior case because the record of the prior

11

case is not before the appellate court.'" *Id.* at ¶ 21, quoting *D & B Immobilization Corp. v. Dues*, 122 Ohio App.3d 50, 53, 701 N.E.2d 32 (8th Dist.1997).

**{¶68}** Since case no. 2020 CR 00072 was a separate case presided over by a different trial court judge, the record of the jury trial proceeding is not before us. Thus, we have no ability to determine whether the evidence presented at that trial provided substantial proof that Mr. Warfield violated his community control in the underlying case or whether all factual support for the proposed revocation was removed.

**{¶69}** Accordingly, we conclude that the failure to provide written notice to Mr. Warfield rises to the level of plain error. Mr. Warfield's first assignment of error has merit to the extent discussed above. The trial court's judgment is reversed, and this matter is remanded for the trial court to hold a community control revocation hearing in compliance with all legal requirements.

**{¶70}** Our disposition renders moot the remaining arguments in Mr. Warfield's first assignment of error and his second assignment of error.

**{¶71}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

12

Case No. 2021-T-0050