[Cite as *State v. Osco*, 2025-Ohio-4532.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CATHERINE M. OSCO,

        Defendant-Appellant.

CASE NO. 2025-P-0015

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00575

## OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Adam M. VanHo*, 37 South Main Street, Suite 3, P.O. Box 157, Munroe Falls, OH 44262 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Catherine M. Osco, appeals the judgment of the Portage County Court of Common Pleas revoking her community control and sentencing her to 36 months in prison. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel asserts there are no meritorious issues for appeal and that the matter is wholly frivolous. After considering the record, pursuant to *Anders*, we agree with counsel, affirm the judgment of the trial court, and grant counsel's motion to withdraw.

**Substantive and Procedural History**

{¶2} In May and June 2023, Appellant was indicted in the Portage County Court of Common Pleas on one count of Harassment with Bodily Substances, a third-degree felony in violation of R.C. 2921.38; three counts of Assault on a Peace Officer, fourth-degree felonies in violation of R.C. 2903.13; and one count of Resisting Arrest, a second-degree misdemeanor in violation of R.C. 2921.33. On June 5, 2023, Appellant entered a plea of not guilty.

{¶3} On July 12, 2023, Appellant entered guilty pleas to one count of Harassment with Bodily Substances, a third-degree felony, and two counts of Assault on a Peace Officer, fourth-degree felonies. The remaining counts were dismissed. The trial court ordered a presentence investigation (PSI) and set the matter for sentencing.

{¶4} On August 15, 2023, the trial court sentenced Appellant to a term of 36 months of community control. The first 12 months were to be served in the Intensive Supervision Program, and 24 months were to be served under the General Division of Adult Probation. The judgment entry of sentence provided that violations of community control sanctions may result in more restrictive sanctions or the imposition of up to 36 months in prison on the felony three and up to 18 months in prison of each of the felony-four counts. The court set the matter for a status hearing 30 days after sentencing.

{¶5} On September 11, 2023, the Adult Probation Department filed a Motion to Modify/Revoke Appellant's community control. The Motion alleged that Appellant had been charged with Domestic Violence on August 18, 2023, and charged with Resisting Arrest, Public Indecency, Disorderly Conduct, and Criminal Trespass on September 5, 2023.

{¶6} A revocation hearing was held on September 28, 2023. On October 2, 2023, the trial court issued a judgment entry finding that Appellant admitted to the alleged violation. The trial court set the matter for a Disposition Hearing to modify the community control sanctions. On October 24, 2025, the trial court found that Appellant had violated her community control and imposed more restrictive community control sanctions.

{¶7} The trial court held status hearings in December 2023 and in January and February 2024.

{¶8} After a March 4, 2024 status hearing, the trial court found Appellant was eligible for placement at Horizon House. Appellant was ordered to remain in Horizon House until she successfully completed the program.

{¶9} On March 11, 2024, the Adult Probation Department filed a Motion to Revoke & Capias Request. The Motion stated that Appellant had failed to successfully complete the program at Horizon House because she tested positive for methamphetamine and amphetamine at the Horizon House on March 7, 2024, and that she tested positive for methamphetamine on February 29, 2024, at the Adult Probation Department.

{¶10} On April 10, 2024, the trial court found that Appellant had admitted to the alleged violation and ordered Appellant to continue community control. The trial court held status hearings in May, June, and July of 2024.

{¶11} On August 15, 2024, the Adult Probation Department Filed a Motion to Revoke & Capias Request alleging that Appellant had failed to report for a scheduled appointment, failed to report for a random drug screen, and failed to respond to mail contact.

Case No. 2025-P-0015

{¶12}  On August 19, 2024, Appellant failed to appear for a status hearing. The trial court issued a warrant for her arrest.

{¶13}  Appellant was arrested, and on August 28, 2024, the trial court ordered a review of Appellant's medication and for future status hearings to be held.

{¶14}  On September 9, 2024, the trial court issued a judgment entry finding that Appellant had admitted to the alleged August 15 violation.

{¶15}  On September 13, 2024, the trial court held a Disposition Hearing and continued Appellant's community control. The trial court ordered Appellant to enter Midwest Center and remain there until successful completion of the program.

{¶16}  On February 5, 2025, the Adult Probation Department filed a Motion to Modify/Revoke alleging that Appellant tested positive for methamphetamine and amphetamine on January 28, 2025.

{¶17}  On February 10, 2025, the trial court found that Appellant admitted to the violation.

{¶18}  On February 11, 2025, the trial court held a hearing on the Motion to Modify/Revoke. The trial court opened the hearing by stating that its intention was to "look at [Appellant's] jail time credit as well as all of the places that we have previously sent her for treatment, for assistance, for anything that we could do in order to help her stabilize."

{¶19}  Appellant's trial counsel said that Appellant had been living out of her car for a few months.

{¶20}  The trial court addressed Appellant and said

Unfortunately . . . there is no time during the last couple years that you have sustained stability and sobriety. And I mean, now it's to the point where you're threatening self harm, you're -- I mean, probation is worried about you every day and day to day. And when you were over there this last time

Case No. 2025-P-0015

-- and, yes, you were using, but you're combative, you've threatened to harm yourself, you've threatened to harm officers. . . . I know you want help, you're not taking the help and doing anything with it that is sustainable, and I'm just at a loss. For your own safety and your own security, I'm gonna terminate your probation. I'm going to impose the previously suspended sentence.

. . .

If you are eligible at some point for transitional control, I will not oppose that. I think that would be a good stepdown for you. But we've gotta get you stabilized and cleaned up . . . . Every time I let you out it's a risk to you, and I just can't have probation try to supervise you when there's two things going on; your use and your mental health. I can't put them in a position, or anybody else in a position, where they're at risk.

{¶21} The trial court said that the Harassment With Bodily Substances conviction was an offense of violence and was therefore subject to mandatory post-release control for a minimum of one year and up to three years. The trial court said that a violation of post-release control could result in Appellant being sent back to prison for up to half of her original sentence and that the time could be run consecutively to any new felony she might commit.

{¶22} The trial court issued a judgment entry finding that the violation was not a technical violation and that a more restrictive sanction was necessary. The trial court's judgment entry stated that it considered the overriding principles of R.C. 2929.11 and considered the oral statements of Appellant. The trial court sentenced Appellant to 36 months imprisonment on the Harassment With Bodily Substances conviction and 18 months imprisonment on both of the Assault on a Peace Officer convictions. The trial court ordered the sentences to be served concurrently. The trial court also ordered a mandatory term of post-release control for a minimum of one year and up to three years.

{¶23} Appellant timely appealed. On July 11, 2025, appellate counsel filed a motion to withdraw as counsel and accompanying appellate brief identifying a potential assignment of error pursuant to *Anders*, 386 U.S. 738.

{¶24} On June 3, 2025, this Court issued a judgment entry holding appellate counsel's motion to withdraw in abeyance and giving Appellant 30 days in which to file her own submission raising any arguments in support of her appeal. Appellant has not made a submission.

**Potential Issue for Review:**

{¶25} Appellate counsel has identified the following potential issue for review: "APPELLANT'S SENTENCE OF INCARCERATION WAS CONTRARY TO AND IN VIOLATION OF THE PRINCIPLES OF FELONY SENTENCING, AS SET FORTH UNDER SECTION 2929.11 *et. seq.* OF THE OHIO REVISED CODE."

{¶26} Appellant's potential issue for review suggests that the trial court violated R.C. 2929.11 and 2929.12 and abused its discretion when it considered Appellant's risk of self-harm rather than her risk to the public. Appellant has not asserted any assignments of error in support of her appeal.

{¶27} *Anders*, 386 U.S. 738, permits "an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal." *Disciplinary Counsel v. Milhoan*, 2014-Ohio-5459, ¶ 8. After the appellant is given the opportunity to raise additional issues supplementing the *Anders* brief, the court of appeals "must review the entire record to determine whether the appeal is wholly

frivolous." *State v. Manyo*, 2023-Ohio-267, ¶ 14 (11th Dist.). "If this court is unable to find issues of arguable merit, the decision is affirmed on the merits and counsel is allowed to withdraw." *Id.*[1]

{¶28} Generally, the decision to revoke community control is evaluated under an abuse of discretion standard. *State v. Russell*, 2009-Ohio-3147, ¶ 6 (11th Dist.). An abuse of discretion may be found when the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *In re L.L.S.*, 2017-Ohio-7450, ¶ 20 (11th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error. . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.), quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 67 (2d Dist.).

{¶29} A community control revocation hearing is not a criminal trial. *State v. Mayle*, 2017-Ohio-8942, ¶ 14 (11th Dist.). Therefore, a defendant in a community control revocation hearing is not afforded the full panoply of rights given to a defendant in a criminal prosecution. *Id.*

{¶30} However, a defendant is entitled to due process. *See State v. Thomas*, 2018-Ohio-1024, ¶ 8 (11th Dist.); *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

> The due process rights to which an alleged violator is entitled in a community control revocation hearing are: (1) written notice of the claimed violations of

---

1. This Court has adopted a change in its Local Rules effective July 1, 2025, that now prohibits the filing of no-merit briefs pursuant to *Anders*. However, appellate counsel filed his no-merit brief prior to the effective date of that rule change. Accordingly, we address this issue pursuant to our longstanding precedent regarding the filing of no-merit briefs. *See In re A.J.F.*, 2018-Ohio-1208, ¶ 24, fn. 1 (11th Dist.).

Case No. 2025-P-0015

community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control.

*Thomas* at ¶ 8; *see Gagnon* at 786.

{¶31} "'The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.'" *Russell*, 2009-Ohio-3147, at ¶ 7 (11th Dist.), quoting *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist. 1990). Because a revocation hearing is not a criminal trial, the State is only required to introduce evidence showing it was more probable than not that the person on community control violated its terms or conditions. *Id.* A court's decision to revoke community control for even minor violations is not an abuse of discretion. *State v. Solomon*, 2019-Ohio-1841, ¶ 21 (11th Dist.).

{¶32} In making its determination to revoke community control, "a trial court can take into consideration the nature of the community control violation at issue, the manner in which the condition was violated, as well as any other relevant circumstances in the case." *State v. Mehl*, 2022-Ohio-1154, ¶ 18 (4th Dist.). "Further, trial courts are granted much greater latitude and discretion in their decision making when the violation is one of substance rather than form." *Id.*

{¶33} When a trial court determines that it should revoke community control and impose a term of imprisonment, trial courts consider the purposes and principles of felony sentencing found in R.C. 2929.11, should balance the seriousness and recidivism factors found in 2929.12, "and then should impose a prison term within the statutory range for

Case No. 2025-P-0015

the underlying offense, which the defendant was advised during his or her initial sentencing hearing." *Id.*

{¶34} R.C. 2929.11(A) states that "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." "To achieve those purposes, the sentencing court shall consider the need for [1] incapacitating the offender, [2] deterring the offender and others from future crime, [3] rehabilitating the offender, and [4] making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

{¶35} R.C. 2929.12(A) grants the sentencing court "discretion to determine the most effective way to comply with the purposes and principles of sentencing." *State v. Darby*, 2008-Ohio-5945, ¶ 7 (11th Dist.). "In exercising that discretion, the court shall consider" the seriousness factors in R.C. 2929.12(B) and (C) and the recidivism factors in R.C. 2929.12(D) and (E). *Id.*

{¶36} As stated, R.C. 2929.11(A) requires the trial court to "be guided by" the three *purposes* of felony sentencing; it does not require the court to "consider" them. *State v. Anthony*, 2019-Ohio-5410, ¶ 77 (11th Dist.). In contrast, R.C. 2929.11(A) states that the trial court "shall consider" the four *principles* of felony sentencing. R.C. 2929.11; *Anthony* at ¶ 77. The trial court satisfies its obligation to "consider" the principles of felony sentencing by stating that it considered them. *State v. Dawson*, 2016-Ohio-2800, ¶ 15 (11th Dist.). The inclusion of language in a sentencing entry affirmatively stating that the

Case No. 2025-P-0015

court considered the principles of felony sentencing defeats a claim that the trial court failed to consider them. *Anthony* at ¶ 77.

{¶37} Here, the trial court's sentencing entry recites the first three principles and states that the trial court considered them. The fourth principle, making restitution, was not applicable to Appellant's case.

{¶38} Next, the trial court's sentence was intended to protect the public from future crime, at least in part, as the trial court said that Appellant has threatened harm to officers and had been combative with the probation department. The trial court said that Appellant's continued community control was posing a risk to the probation department.

{¶39} More importantly, the trial court's consideration of Appellant's self-harm was explicitly directed at its attempt to rehabilitate the offender and was therefore permissible under R.C. 2929.11(A). The trial court continued Appellant's community control after repeated violations. However, the trial court's attempts to afford less restrictive means of providing Appellant treatment were not successful. After repeated positive drug tests and increasingly concerning and harmful behavior, the trial court was "at a loss" for how to provide effective rehabilitative treatment for Appellant. So, the trial court terminated community control to help get appellant "stabilized and cleaned up[.]"

{¶40} With respect to R.C. 2929.12, a sentencing court does not have to use specific language and render precise findings to satisfactorily consider the relevant seriousness and recidivism factors. *State v. Hull*, 2017-Ohio-157, ¶ 18 (11th Dist.). Instead, the defendant must affirmatively show that the court did not consider the applicable sentencing criteria. *Id.* "Absent evidence to the contrary, a reviewing court will presume the trial court considered all appropriate sentencing factors, even if the record

Case No. 2025-P-0015

is silent." *Dawson*, 2016-Ohio-2800, at ¶ 15 (11th Dist.). Here, while the trial court did not reference or discuss R.C. 2929.12, that alone does not affirmatively show the court failed to consider the applicable factors.

{**¶41**}  As part of this court's duty to review the entire record to determine whether the appeal is wholly frivolous, we note the following: there are no apparent grounds to argue that Appellant was not afforded minimum due process rights involved in her community control violation or her right to a hearing. Appellant was given written notice of the claimed violation and admitted to the violation on February 10, 2025. The trial court informed Appellant when it originally sentenced her that if she violated the terms of her community control, she could face up to 36 months in prison on the felony three and up to 18 months in prison on each of the felony-four counts. When the trial court revoked Appellant's community control, the trial court imposed a concurrent sentence within the statutory range permitted under R.C. 2929.14.

{**¶42**}  This case is one of those cases contemplated in *State v. Lawrence*, 2018-Ohio-3987 (12th Dist.), where an *Anders* no-merit brief is appropriate. "In cases where there are no factual issues involved, and the court has meticulously followed the applicable legal rules, principles, or statutes, it is possible no arguable issues may remain for appeal." *Id.*

Case No. 2025-P-0015

{¶43} Having independently reviewed the record, we conclude that the present appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Portage County Court of Common Pleas is affirmed.

ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

 concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit.  We conclude that the present appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0015